■ GATEWAY NATIONAL BANK OF CHICAGO, Appellant, v. SAXE, BACON & BOLAN, Respondent.— Order, Supreme Court, New York County, entered March 14, 1972, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff is suing to recover on an account assigned to it by one of its borrowers as security for a loan now in default. Defendant, whose account was assigned, claims it never received any formal notice of such assignment and is therefore not precluded from raising a defense and a counterclaim to plaintiff's cause of action. The defense is based on the assignor's alleged breach of the very contract out of which the assigned debt arose; and the counterclaim is predicated on an apparently unrelated, unpaid loan. A senior partner of defendant law firm, who was also chairman of the board of directors of plaintiff, attended to certain details of this transaction. Specifically, on June 23, 1967, he forwarded to plaintiff, for signature, on defendant's stationery, a financing statement under the Uniform Commercial Code covering the assignment to plaintiff of defendant's account payable. Since no particular form of notice is required by the code and actual knowledge of a fact is notice thereof (Uniform Commercial Code § 1-201, subd. [25]), the knowledge of defendant's senior partner is imputed to it. Notice of the assignment would, of course, only have relevance to the counterclaim and not to the defense, because only claims arising independently of the contract between the account debtor and the assignor which accrue after notification are cut off thereby. (Uniform Commercial Code § 9-318.) In connection with the alleged loan, defendant's counsel merely asserts it was made "in or about the year 1967, about the same time [that the account was assigned]". Aside from the fact that we cannot determine whether the loan was made before or after defendant

is deemed to have knowledge of the assignment, we find such vague and conclusory allegation insufficient to warrant denial of summary judgment. In equally vague and conclusory terms, defendant asserts that it was improperly billed by the assignor for work not actually done under the contract. While this defense is not, as aforesaid, cut off by any notice of assignment, the bald assertions regarding this defense are also insufficient to raise a triable issue. Moreover, under the circumstances of this case, defendant should be estopped from attacking the validity of its assigned account, which plaintiff undoubtedly relied on as partial security for its loan. Concur — Markewich, J. P., Nunez, Murphy, Tilzer and Macken, JJ.